ROBERTSON, Presiding Justice,
for the Court:
Appellant, Neshoba County Gin Association (AAL), brought a suit for damages for the negligent repairing of its truck against Appellee, Blackwell Chevrolet Company, in the Circuit Court of Neshoba County. On motion for change of venue, the Neshoba County Circuit Court transferred the cause to the Circuit Court of the First Judicial District of Hinds County.
After the Association had put on its proof and rested, the court sustained Blackwell’s motion for a directed verdict and dismissed with prejudice Plaintiff’s declaration.
The principal assignment of error is that the court erred in sustaining Defendant Blackwell’s motion for a directed verdict.
On October 8, 1975, while operating its 1970 C-60 Chevrolet truck, equipped with a bulk feed body and augur, on Interstate 55 North of Jackson, the drive shaft, rear springs and rear axle shifted and caused the truck to become completely inoperable. Blackwell was called and pulled the disabled truck in to its facilities on Interstate 55 North. Blackwell repaired the drive shaft, the rear springs and replaced the U-bolts holding the rear springs in place on the rear axle.
Upon being advised about October 10, 1975, that the repairs had been completed and the truck was ready, the Association sent Bobby Jackson to Jackson to pick up the truck. He drove the truck back to Philadelphia, Mississippi, and continued to operate it until November 4, 1975, when it was wrecked in a one-truck accident. From October 10 to November 4, it had been driven about 600 miles. On November 4th, after picking up a normal load of cottonseed meal, Bobby Jackson was returning from Greenwood to Philadelphia, Mississippi, when he heard a popping noise and the rear end of the truck suddenly shifted to the right, causing the truck to run off of the right side of the highway and overturn in a ditch.
*169 An examination of the truck after the accident revealed that the rear springs had shifted and twisted, the U-bolts holding the springs to the rear axle were bent, and one of the rear tires had blown out caused by a circular cut -on the inside of the tire by a leaf of one of the rear springs.
Plaintiff’s proof tended to show that, in less than a month, the repair work performed by Blackwell at a cost of $392.71 to the Plaintiff had given way causing the rear end of the truck to suddenly shift and go out of control and thus causing the truck to wreck.
Brown Gray, an experienced mechanic who repaired the rear end of the truck after the accident, testified that where new U-bolts are installed they need to be re-tightened after a full load has been placed on the truck, and that he always warns and advises truck owners to bring their trucks back to him for re-tightening the U-bolts or to re-tighten the bolts themselves.
Bobby Jackson, the driver who picked up the truck from Blackwell, testified that Blackwell was only concerned about being paid, the $392.71 repair bill, and that Blackwell gave him no instructions about re-tightening the U-bolts after it was fully loaded. Blackwell also assured Jackson that the rear end had been repaired and the truck was ready to go.
The facts as to whether Blackwell was negligent in making the repairs were thus in dispute. This presented a classic jury question, and the trial court was in error in directing a verdict for the defendant.
In Mock v. Natchez Garden Club, 230 Miss. 377, 92 So.2d 562 (1957), this Court said:
“Section 1455, Code of 1942, provides that: ‘All questions of negligence and contributory negligence shall be for the jury to determine.’ We have held in cases too numerous to enumerate, that if reasonable men might have a difference of opinion as to whether or not the negligence of the actor constituted a substantial factor in bringing about the injury, then the question is for the jury. We have also held repeatedly in cases too numerous to mention that upon a motion for a directed verdict all the facts expressly testified to, and all inferences necessarily and logically to be deduced therefrom, are to be taken as true in favor of the party against whom the motion is asked, and that a case should not be withdrawn from the jury unless the conclusion follows as a matter of law that no recovery can be had upon any view which can be properly taken of the facts which the evidence tends to establish, and further that if more than one reasonable inference can be drawn from the facts the question of negligence is for the jury.” 230 Miss. at 382, 92 So.2d at 563. (Emphasis added).
The judgment of the lower court, sustaining the motion for a directed verdict and dismissing the cause of action, is reversed and this cause remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.